**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DAVID WAYNE CLAUSON, Defendant. | CR 25-57-BLG-WWM OFFER OF PROOF |

The United States of America, represented by Colin M. Rubich, Assistant United States Attorney for the District of Montana, files its Offer of Proof in anticipation of the Change of Plea hearing scheduled for February 9, 2026.

## THE CHARGE

The defendant, David Wayne Clauson, is charged by indictment with

1

Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846 – count 1 and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) – count 2, and Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) – count 3.

## PLEA AGREEMENT

There is no plea agreement in this case. The defendant will plead guilty to the indictment and will retain his appeal rights.

## ELEMENTS OF THE CHARGE TO WHICH HE WILL PLEAD

In order for the defendant to be found guilty of Counts 1, 2, and 3 of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

**Conspiracy to Possess with Intent to Distribute Methamphetamine – Count 1:**

**First,** there was an agreement between two or more people to possess methamphetamine with intent to distribute; and

**Second,** the defendant entered the agreement knowing of its objectives and intending to accomplish at least one of those objections.

Additionally, while not a formal element of the offense, the government would also have to prove beyond a reasonable doubt that the conspiracy involved 50 grams of actual methamphetamine.

**Possession with Intent to Distribute Methamphetamine – Count 2:**

**First**, the defendant possessed 50 grams or more of actual methamphetamine; and

**Second**, the defendant possessed the methamphetamine with the intent to distribute it to another person.

**Prohibited Person in Possession of a Firearm:**

**First**, the defendant knowingly possessed a firearm;

**Second**, the firearm had been shipped or transported from one state to another;

**Third**, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and,

**Fourth**, at the time of the charged act, the defendant knew that he had been convicted of such an offense.

## PENALTY

Count 1 and 2 both carry a mandatory minimum 15 years to life imprisonment, a $20,000,000 fine, at least 10 years of supervised release, and a $100 special assessment. Count 3 both carry a maximum penalty of 15 years imprisonment, a $250,000 fine, 3 years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

In early 2024, Montana Department of Criminal Investigation (DCI) in Miles City received information that the defendant, David Clauson and his codefendant Gina Mann were distributing methamphetamine in the Miles City

Area.  On March 28, 2024, Montana Department of Criminal Investigation (DCI) recruited a confidential informant (CI) who stated he/she could purchase meth from codefendant Michael Nichols an individual DCI knew was selling meth on behalf of Clauson.  DCI was able to have the CI set up a controlled buy for April 8, 2024.  On that date, the CI met with Nichols and agreed to purchase one ounce of meth.

Nichols and the CI travelled to Clauson and Mann's residence on Butler St. in Miles City, MT.  Nichols entered the house while the CI waited outside.  Nichols eventually exited the house in possession of the methamphetamine.  The CI and Nichols then travelled to Nichols' house where they used a digital scale to weigh the substance.  The substance weighed approximately one ounce.  The CI provided Nichols with money and received the meth.  The meth was turned over to DCI.

The next day, April 9, 2024, DCI in collaboration with various other law enforcement agencies served a search warrant on Clauson and Mann's residence.  Inside the residence, officers located a pound of methamphetamine.  They also found two firearms: a Taurus .380 semi-automatic pistol (S/N: IF102105), and a .22 Heritage Revolver (S/N: Z49415).  Neither of these firearms were manufactured in the state of Montana.  Clauson was previously convicted of a federal felony in 2010, and, as a result, he is prohibited from possessing firearms.

The methamphetamine seized from Clauson's residence was sent to a forensic laboratory operated by the Drug Enforcement Administration for chemical testing. The testing concluded that the pound of methamphetamine was approximately 73%. As a result, the total amount of actual pure methamphetamine possessed by Clauson was approximately 290 grams.

DATED this 6th day of February, 2026.

                                    KURT G. ALME
                                    United States Attorney

                                    */s/ Colin M. Rubich*
                                    COLIN M. RUBICH
                                    Assistant U.S. Attorney